UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN D. WILSON,

    Plaintiff,

v.

    Case No. 17-cv-11498
    Honorable Linda V. Parker
    Magistrate Judge Mona K. Majzoub

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S AUGUST 17, 2018 REPORT AND RECOMMENDATION (ECF NO. 22) AND (2) ADOPTING MAGISTRATE JUDGE'S AUGUST 17, 2018 REPORT AND RECOMMENDATION (ECF No. 21) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 18) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 15)**

On May 10, 2017, Plaintiff Dawn D. Wilson initiated this suit seeking judicial review of Defendant[1] Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (ECF No. 1.) This matter was referred to Magistrate Judge Majzoub pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C). (ECF No. 3.) Both parties filed summary judgment motions. (ECF Nos. 15 and

---

[1] For purposes of this Opinion and Order, "Defendant" will refer to the Commissioner of Social Security.

1

18.) Additionally, Plaintiff filed a reply to Defendant's summary judgment motion. (ECF No. 20.) On August 17, 2018, Magistrate Judge Majzoub issued a report and recommendation ("R&R") recommending that this Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. (ECF No. 21.) At the conclusion of the R&R, Magistrate Judge Majzoub informed the parties that they must file any objections to the R&R within fourteen days. Plaintiff filed objections on August 31, 2018. (ECF No. 22.) Subsequently, Defendant filed a reply to Plaintiff's objections on September 14, 2018. (ECF No. 23.)

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's

2

report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

The Court has reviewed Plaintiff's objections to Magistrate Judge Majzoub's R&R and rejects them.

First, Plaintiff objects to the Magistrate Judge's recommendation that the ALJ did not improperly incorporate by reference two prior vacated decisions and otherwise properly evaluated the case. The Court agrees that ALJ Paige's incorporation of ALJ Dodson's prior decisions by reference does not constitute reversible error because (1) it is not in contradiction to either Judge Tarnow's September 28, 2015 remand order or the Appeals Council's October 30, 2015 remand order; (2) Plaintiff cited no legal authority that prohibits an ALJ, when issuing a "new decision," from considering, referring or giving deference to findings in a non-final, vacated decision that was not found erroneous on the merits; and (3) ALJ Paige properly evaluated the medical evidence. For these reasons, the Court rejects Plaintiff's first objection.

Second, Plaintiff objects to the Magistrate Judge's recommendation that the ALJ did not improperly rely on the medical opinion of Dr. Rivero, the "nonexaminer," and did not improperly evaluate the medical opinion of Dr. Sekaran, the treating physician. The Court agrees that ALJ Paige properly

evaluated the medical opinion of both Dr. Rivero and Dr. Sekaran. Therefore, the Court rejects the Plaintiff's second objection.

Third, Plaintiff objects to the Magistrate Judge's recommendation that the ALJ did not improperly evaluate Plaintiff's subjective complaints. The Court agrees that ALJ Paige's assessment of Plaintiff's subjective complaints was sufficiently specific and supported by substantial evidence. Therefore, the Court rejects the Plaintiff's third objection.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the Commissioner sustained her burden of establishing other relevant work that Plaintiff could perform. The Court rejects Plaintiff's final objection finding it to be unsupported, given the Court's findings in the instant opinion and order.

The Court, therefore, is rejecting Plaintiff's objections to Magistrate Judge Majzoub's R&R and adopting the R&R, which grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment.

Accordingly,

**IT IS ORDERED** that the Court **REJECTS** Plaintiff's objections (ECF No. 22) and **ADOPTS** Magistrate Judge Mona K. Majzoub's August 17, 2018 Report and Recommendation (ECF No. 21).

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

4

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 21, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 21, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager